IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANA SALTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-605-MHT-SMD |
| | ) |
| MONTGOMERY ASSOCIATION | ) |
| OF RETARDED CITIZENS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE[1]**

Before the Court is Defendant's Combined Response to Court's Show Cause Order, Motion to Dismiss and Submission in Support of Attorneys' Fees. (Doc. 25). By Order dated April 29, 2019, the district judge referred this motion to the undersigned Magistrate Judge "for consideration and disposition or recommendation as may be appropriate." (Doc. 26). For the reasons stated below, undersigned recommends that Defendant's Motion to Dismiss be granted and that Plaintiff's case be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff, Dana Salter, is a former employee of the Montgomery Association of Retarded Citizens ("MARC"). She filed this action alleging retaliatory termination on June 25, 2018, (Doc. 1) and amended her Complaint to name the proper party on July 23, 2018.

---

[1] On May, 14, 2019, the undersigned entered a Recommendation (Doc. 27) in this matter that contained a scrivener's error. Accordingly, it is
    ORDERED that the previous Recommendation (Doc. 27) is STRICKEN and the current Recommendation is entered in its place.

1

Amd. Compl. (Doc. 7).  Plaintiff failed to timely submit her Rule 26(f) report, and on October 15, 2018, the Court issued a show cause order requiring Plaintiff to show why her case should not be dismissed for lack of prosecution.  (Doc. 12).  The parties subsequently submitted a Rule 26(f) report (Doc. 15), and the show cause order was discharged.  (Doc. 16).

To date, Plaintiff has not made her initial disclosures or responded to Defendant's first set of discovery requests.  On January 14, 2019, Defendant filed a Motion to Compel (Doc. 18).  In the Motion, Defendant reported that Plaintiff had not provided any initial disclosures as required by Fed. R. Civ. P. 26(a) and had failed to respond or otherwise object to its interrogatories and requests for production since they were served on October 22, 2018.  *Id.*  The undersigned issued a show cause order (Doc. 21) and, in response, Plaintiff filed a motion (Doc. 22) requesting an extension of time to respond to Defendant's discovery requests or, in the alternative, permission to withdraw as attorney of record for Plaintiff.  *Id.*  In the filing, counsel for Plaintiff claims she has not communicated with Plaintiff since at least October 22, 2018 and is unable to respond to Defendant's interrogatories and requests for production.  *Id.*  On February 8, 2019, Defendant filed a Reply (Doc. 23) to Plaintiff's Response (Doc. 22), which the undersigned construed as a Motion for Sanctions (Doc. 24).

On March 25, 2019, the undersigned granted (Doc. 24) Defendant's Motion to Compel and gave Plaintiff five days to provide Defendant with the required discovery.  *Id.* at 8-9.  The undersigned further granted Defendant's Motion for Sanctions (Doc. 23) and directed Defendant to submit its calculation of its incurred costs.  *Id.*  On April 8, 2019,

2

Defendant filed its Combined Response to Court's Show Cause Order, Motion to Dismiss, and Submission in Support of Attorneys' Fees (Doc. 25), providing the Court with its fee calculations. The Combined Motion also seeks dismissal of Plaintiff's case as an additional discovery sanction under Rule 37 or for failure to prosecute under Rule 41(b). *Id.* at 1-2.

## II. DISCUSSION

Defendant moves to dismiss as a discovery sanction pursuant to Rule 37 and pursuant to Rule 41(b) for failure to prosecute. (Doc. 25) at 1-2. Rule 37 authorizes a court to dismiss an action, in whole or part, as a sanction for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Generally, "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The sanction ordinarily "requires a willful or bad faith failure to obey a discovery order," and "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

Rule 41(b) provides for involuntary dismissal on motion for a plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Such dismissal may be with or without prejudice. Fed. R. Civ. P. 41(b); *Mingo v. Sugar Cane Growers*, 864 F.2d 101, 102 (11th Cir. 1989). The Eleventh Circuit instructs that "a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333,

3

1337-38 (11th Cir. 2005) (emphasis original) (internal quotes and citations omitted).

Here, Plaintiff has engaged in a clear pattern of delay and willful contempt. Plaintiff filed this case in June 2018. (Doc. 1). In September 2018, the Court ordered the parties to hold a Rule 26(f) conference and submit their Rule 26(f) report no later than October 5, 2018. (Doc. 11). Plaintiff failed to meet this deadline, and on October 15, 2018, the Court ordered her to show cause order "why this case should not be dismissed for lack of prosecution." (Doc. 12). Plaintiff responded with a generic filing that did not explain the delay but promised that the Rule 26 report was ready for filing. (Doc. 14). Defendant filed the Rule 26(f) planning report on October 22, 2018, (Doc.15) and, per Rule 26(a)(1)(C), initial disclosures were due fourteen days later on November 5, 2018. *See* Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. . . .").

On December 2, 2018, Defendant filed a Motion to Compel (Doc. 18) stating that it had served Plaintiff with interrogatories and requests for production on October 22, 2018, and that Plaintiff had not responded despite Defendant's repeated efforts to contact counsel. *Id.* The motion also stated that Plaintiff had still not made her Rule 26(f) initial disclosures. *Id.* at ¶ 7. The undersigned issued a show cause order (Doc. 21), and Plaintiff responded on January 24, 2019, stating that she had lost contact with her client. (Doc. 22). She requested a thirty-day enlargement of time to respond to the outstanding discovery, or in the alternative to withdraw as counsel. *Id.* In this filing, Plaintiff's counsel stated that she understood she was facing sanctions. *Id.* at ¶ 4.

4

By order dated March 25, 2019, the undersigned granted Defendant's Motion to Compel (Doc. 18) and ordered Plaintiff to provide "all required initial disclosures and responses to Defendant's interrogatories and requests for production within **five days** of this Order." (Doc. 24).  Plaintiff was specifically warned that "[f]ailure to do so may result in dismissal of Plaintiff's claim for failure to prosecute." *Id.*  To date, Plaintiff has not produced any discovery or had any further communication with the Court.

The Court finds that Plaintiff's failure to make initial disclosures despite repeated Court orders and the obligations imposed by Rule 26 constitutes a clear pattern of delay and willful contempt.  In addition, the Court finds that a lesser sanction than dismissal will not suffice.  Plaintiff has ceased all communication with her counsel and apparently no longer wishes to pursue this lawsuit.  Under these circumstances, no lesser sanction can reasonably be expected to compel Plaintiff to comply with her discovery obligations or abide by the orders of the Court, and dismissal without prejudice is appropriate.  In light of the above recommendation, and considering that monetary sanctions would fall upon Plaintiff's attorney for Plaintiff's failure to prosecute and abide by orders of the Court, the undersigned finds that monetary sanctions against Plaintiff's attorney is inappropriate.

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 25) be GRANTED and Plaintiff's Amended Complaint (Doc. 7) be DISMISSED without prejudice for failure to prosecute and abide by orders of the Court.  Additionally, it is

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation **on or before May 29, 2019**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar the parties from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

    DONE this 15th day of May, 2019.

                                                 /s/ Stephen M. Doyle
                                                 UNITED STATES MAGISTRATE JUDGE